UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALEJANDRO TARAMONA,

       Petitioner,

v.                                      Case No. 5:04-cv-472-Oc-10GRJ

CARLYLE HOLDER, et al.,

       Respondents.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons (BOP). (Doc. 1). Petitioner is currently serving a sentence pursuant to a judgment by the United States District Court for the Southern District of Florida.[1] Petitioner contends he is being denied 16 months of prior custody credit. In response, Respondent submits Petitioner has received all prior custody credit, totaling 151 days, and he is not entitled to any additional credit. (Doc. 6). The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the

---

[1] United States of America v. Taramona, Case no. 00-cr-0380-JORDAN (S.D. Fla. 2001).

Petition on the basis of the record.  See Habeas Rule 8(a).[2]

## Factual and Procedural History

The facts underlying the Petition are not in dispute.  On January 20, 2000, Petitioner was arrested by State of Florida authorities.  Petitioner was sentenced to a 17-year term of imprisonment by the State of Florida.  On October 17, 2000, Petitioner, while still under primary jurisdiction of the State of Florida, was removed on a writ to the Southern District of Florida on federal charges.  See Resp. Ex. 2. On October 15, 2001, the Southern District sentenced Petitioner to 108 months' imprisonment, to run concurrent with his State of Florida sentence.[3] The sentencing court ordered Petitioner's sentence be concurrent with the state sentence.

While Petitioner was on the federal writ, his state sentence was satisfied.  The State of Florida gave Petitioner credit of the period of time he spent on the federal writ until his state sentence expired.  Petitioner was credited with jail time on his federal sentence for time spent in custody between May 17, 2001, the date his state sentence expired, to October 14, 2001.  See Resp. Ex. 2.

## Discussion

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

[3] Petitioner was found guilty of 8 U.S.C. §1326(A) & (B)(2), illegal entry after two prior deportations. United States of America v. Taramona, Case no. 00-cr-0380-JORDAN (S.D. Fla. 2001).  Petitioner was also sentenced to three years supervised release.  See Resp (Doc.6), Ex. 1.

the length of a prisoner's confinement.[4]  In the instant action, Petitioner argues that the BOP has deprived him sixteen months of jail credit.

Petitioner's sentence is governed by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . <u>that has not been credited against another sentence.</u>

(emphasis added).  Thus, in accordance with the statute, Petitioner may not receive credit on his second federal sentence for the same time that was credited to his state sentence.  To give Petitioner credit on his federal sentence for such prior time served would give Petitioner an improper double credit.

Petitioner states the BOP's refusal to give Petitioner the credit he maintains he is due is contrary to the sentencing court's intentions.  (Doc. 1, pg. 2).  In recommending denial of Petitioner's 28 U.S.C. §2255 petition attacking the judgment of his federal conviction, the Southern District of Florida court stated:

> The transcript of the sentencing hearing shows that counsel requested that [Petitioner] be given credit for time he served in state custody while an arrest warrant was pending.  The Court left the calculation of the actual credit for time served to the Bureau of Prisons.   The Court entertained further discussions about credit for time served, and it was noted that [Petitioner] was serving a seventeen year sentence at the time that he was found in the United States.  After hearing argument, the Court left the issue of credit for time served as one for the Bureau of Prisons, and the Court order that the term of imprisonment run concurrently to the state term of

---

[4] <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

imprisonment pursuant to U.S.S.G §5G1.3.[5]

In sum, Petitioner has not demonstrated that the BOP erred in calculating his sentence in accordance with the terms of Petitioner's judgment of conviction and pursuant to applicable BOP regulations.[6]

## Conclusion

For the reasons set forth in this Order, the Petition is **DENIED**. The Clerk is directed to enter judgment denying the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 21st day of April 2008.

_____
UNITED STATES DISTRICT JUDGE

c:
  Alejandro Taramona
  Counsel of Record

---

[5]The sentencing court further clarified:
[Petitioner's] eleventh claim is that counsel failed to request credit for the time served in state custody since the issuance of the federal arrest warrant. See U.S.S.G. § 5G1.3(b), comment (n.2). Even if counsel had invoked this provision, I would not have adjusted the federal sentence. I ran the federal sentence concurrent with the pending state sentence under § 5G1.3(b) , but the offenses were different.

See Taramona v. United States of America, 1:04-cv-20544-AJ (S.D. Fla. 2004)(Docs. 16, 19).

[6]See BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) available at http://www.bop.gov/DataSource/execute/dsPolicyLoc. See Resp. (Doc. 6) Ex. 3.